## IN RE: CERTIFICATION for FOREIGN LANGUAGE INTERPRETERS in ARKANSAS COURTS

Supreme Court of Arkansas
Delivered September 30, 1999

P ER CURIAM. All persons, whether or not able to understand or communicate adequately in the English language, must be afforded rights when they appear in court. See Ark. Code Ann. §16-64-111, §16-89-104, §16-10-102 and §25-15-101. It is the intent of this Per Curiam Order to provide for the certification, appointment and use of interpreters for non-English speaking parties or witnesses in all state and local court proceedings.

Ark. Code Ann. §16-10-102 established the Administrative Office of the Courts (AOC) subject to the supervision of the

Supreme Court of Arkansas to be responsible for the administration of the nonjudicial business of the judicial branch. Ark. Code Ann. §16-10-127 authorizes and directs the AOC to establish a program to facilitate the use of interpreters and transliterators in all state and local courts in Arkansas and to prescribe the qualifications of and certify persons who may serve as certified interpreters in all courts in the state.

Therefore, pursuant to our superintending powers, we hereby authorize the AOC, with advice of the Arkansas Judicial Council Ad Hoc Foreign Language Interpreter Certification Committee, and in compliance with Administrative Order No. 11 and the rules of the Consortium for State Court Interpreter Certification, to prescribe requirements for the recruitment, testing, certification, evaluation, duties, professional conduct, continuing education, certification renewal, and other matters relating to interpreters.

When an interpreter is requested or when the judge determines that a party or witness has a limited ability to understand and communicate in English, a certified interpreter shall be appointed, using the most current roster of certified interpreters maintained by the AOC. Where possible, but particularly for more complex cases, an interpreter with Advanced Certification as denoted on the roster should be used.

The judge may appoint a non-certified interpreter only upon a finding that diligent, good faith efforts to obtain a certified interpreter have been made and none has been found to be reasonably available. Recognizing that the judge is the final arbiter of any interpreter's qualifications, a non-certified interpreter may be appointed only after the judge has evaluated the totality of the circumstances including the gravity of the judicial proceeding and the potential penalty or consequence involved. Before appointing a non-certified interpreter, the judge shall make a finding that the proposed non-certified interpreter appears to have adequate language skills, knowledge of interpreting techniques, familiarity with interpreting in a court setting, and that the proposed non-certified interpreter has read, understands, and will abide by Administrative Order No. 11, the Arkansas Code of Professional

Responsibility for Interpreters in the Judiciary. A summary of the efforts made to obtain a certified interpreter and to determine the capabilities of the proposed non-certified interpreter shall be made on the record or as a docket entry of the legal proceeding.

A non-English speaking party or witness may at any point in the proceeding waive the right to the services of an interpreter, but only when (1) the waiver is approved by the judge on the record or by docket entry after explaining to the non-English speaking party or witness through an interpreter the nature and effect of the waiver; (2) the judge makes a finding on the record or by docket entry that the waiver has been made knowingly, intelligently, and voluntarily; and (3) in cases where the non-English speaking party or witness has retained/appointed counsel or has the right to counsel, that party or witness has been afforded the opportunity to consult with his or her attorney. At any point in any proceeding, for good cause shown, a non-English speaking party or witness may retract his or her waiver and request an interpreter.

All interpreters, before commencing their duties, shall take an oath that they will make a true and impartial interpretation using their best skills and judgment in accordance with the standards and ethics of the interpreter profession.

Any of the following actions shall constitute good cause for the judge to remove an interpreter: (1) being unable to interpret adequately, including where the interpreter self-reports such inability; (2) knowingly and willfully making false interpretation while serving in an official capacity; (3) knowingly and willfully disclosing confidential or privileged information obtained while serving in an official capacity; (4) failing to adhere to the requirements prescribed by the AOC, including the Arkansas Code of Professional Responsibility for foreign language interpreters; (4) failing to follow other standards prescribed by law. The judge shall notify the AOC in writing whenever he or she removes an interpreter, setting forth the reason(s) for that action.

In all legal proceedings, the cost of providing interpreter services shall be assessed by the judge according to law. Provided, no non-English speaking party or witness shall be denied the serv-

ices of an interpreter because he or she is unable to pay for those services.

This Per Curiam Order is effective January 1, 2000.